IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN LEE ROW, ) | |
| ) | Case No. CV-98-240-S-BLW |
| Petitioner, ) | |
| ) | **CAPITAL CASE** |
| v. ) | |
| ) | **ORDER** |
| THOMAS J. BEAUCLAIR, Director ) | |
| of the Department of Correction, ) | |
| and BRIAN T. UNDERWOOD, ) | |
| Warden of the Pocatello Women's ) | |
| Correctional Center, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

Currently before the Court in this capital habeas corpus matter is Petitioner's Objection to Magistrate Judge's Memorandum Decision and Order resolving certain discovery disputes. (Docket No. 382).

For the reasons set forth more fully herein, the Court will grant Petitioner's request that the Court retain a copy of the non-disclosed records of the Ada County Prosecuting Attorney's office, and the Court will order the Idaho Attorney General's office to coordinate the remaining discovery matters. All other objections are denied.

**ORDER - 1**

## BACKGROUND

This case was referred to Magistrate Judge Mikel H. Williams to resolve discovery matters. The magistrate judge granted Petitioner's request to engage in discovery, but consistent with this Court's referral Order and the procedural posture of this case, limited the scope of discovery to issues of cause and prejudice or actual innocence as those matters relate to procedural default. (Docket No. 190.) Petitioner thereafter received documents from various state agencies and conducted depositions of her state court counsel and the trial prosecutors. A dispute eventually arose regarding whether Ada County Sheriff's Detective Gary Raney's investigative records fell within the scope of the court's discovery orders, and whether Petitioner was entitled to selected records generated by the Ada County Prosecuting Attorney's office, which that office had withheld as work product.

After ordering the disputed records to be submitted for an *in camera* review, the magistrate judge issued a Memorandum Decision and Order August 11, 2005. (Docket No. 381.) Although the magistrate judge found the items within the Raney records to be, at most, marginally relevant to matters of cause and prejudice or actual innocence, he determined that the burden of production was slight and that those records should be disclosed to Petitioner. (Docket No. 381, pp. 4-5.)

The magistrate judge reached the following conclusions with respect to the withheld items in the Ada County Prosecuting Attorney's file: (1) the items were protected from disclosure under the work product doctrine; (2) alternatively, with the exception of the remainder of trial witnesses Joan and Bernard McHugh's criminal case files, the items had no relevance to issues of cause and prejudice or actual innocence and fell outside of the scope of the court's discovery orders; and (3) the records did not contain any exculpatory evidence that would be independently discoverable. (Docket No. 381, pp. 4-7.) The magistrate also denied Petitioner's renewed request to depose Gary Raney, and her request to depose Joan McHugh and Bernard McHugh. (Docket No. 381, pp. 8-9.) Petitioner has now filed objections to this Memorandum Decision and Order.

## STANDARD OF LAW

A. <u>Standard of Review</u>

When a party has objected to portions of a magistrate judge's non-dispositive order, the district judge to whom the case is assigned shall review the order to determine whether it was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Local Civil R. 72.1(b); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (2004).

B. <u>Standard for Discovery in a Habeas Case</u>

**ORDER - 3**

A habeas petitioner, unlike a traditional civil litigant, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner must first seek leave of court, and leave will be granted only upon a showing of good cause. *See* Rule 6(a) of the Rules Governing Section 2254 Cases (Habeas Rules). Generally, a petitioner has shown good cause when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *See Bracy*, 520 U.S. at 908-09 (*citing Harris v. Nelson*, 394 U.S. 286, 295 (1969)). The extent and scope of discovery is within the court's discretion. *See* Habeas Rule 6(a).

## DISCUSSION

A.   <u>The Prosecuting Attorney's Records</u>

Petitioner initially contends that the magistrate judge applied an incorrect legal standard when he concluded that the bulk of the Ada County Prosecuting Attorney's records that had been submitted *in camera* were not discoverable. In particular, Petitioner takes issue with the magistrate judge's decision that nothing in the records would assist her in proving her various claims of prosecutorial misconduct. Though Petitioner acknowledges the good cause standard for discovery in a habeas case, she contends, in part, that good cause is shown when a petitioner has demonstrated that "the information sought may reasonably lead" to

**ORDER - 4**

relevant evidence "regarding his petition." *Objections to Magistrate's Memorandum Decision and Order*, p. 4.

Setting aside whether Petitioner's proposed standard is the correct one for general discovery in a habeas case, she does not address in any meaningful fashion the magistrate's conclusion that the records contained work product. *See* Fed. R. Civ. P. 72(a) (a party may not assign as error a defect to which an objection is not timely made). The magistrate judge noted that for work product to be discoverable, a party must show a substantial need for the material, or, for "opinion" work product, a party must show that the items are directly relevant to an issue in the case and that the party has a compelling need for the material. *See Memorandum Decision and Order*, pp. 5-6. Petitioner does not argue that these standards are incorrect, and it was within this context that the magistrate determined that the non-disclosed records would not assist Petitioner in proving any of the claims that Petitioner contended were in issue. *Id.* at p. 6 ("to the extent that Petitioner argues that the work product is directly in issue because of her various claims of prosecutorial misconduct, the Court has likewise found nothing in within the records that would assist Petitioner in proving these claims.")).

Petitioner's objection also does not account for the magistrate judge's alternative basis for his decision, which was that regardless whether the non-

**ORDER - 5**

disclosed items were protected as work product, nothing in those records, other than what remained of the McHugh criminal case files, was relevant to issues of cause and prejudice or actual innocence. Given that procedural default issues are pending, it was well within the court's discretion to limit discovery at this stage in the litigation to the development of evidence that would assist Petitioner in demonstrating that a default should be excused. The magistrate judge's conclusion that the non-disclosed records were not relevant to those matters was necessarily a finding that good cause did not exist for discovery based upon his review of the material. Further, the magistrate judge also reviewed the records for any exculpatory evidence and found none.

Accordingly, this Court concludes that the magistrate judge did not apply an incorrect standard of law, as framed by Petitioner's objection, when it reviewed the Ada County Prosecuting Attorney's records *in camera*.

    B.    <u>Requested Depositions</u>

Petitioner next objects to the denial of her request to depose Gary Raney, Joan McHugh, and Bernard McHugh. The magistrate judge determined that Petitioner had not shown good cause for these requests because she had failed to demonstrate that deposing these individuals could lead to relevant factual development in addition to the information that she already possessed. This Court

**ORDER - 6**


concurs. Petitioner has already been afforded broad discovery, and she has not explained, beyond generalities, what more she believes the additional discovery would yield.[1] The magistrate's decision to deny the requested depositions was neither clearly erroneous nor contrary to law.

    C.    Coordination of Discovery

Finally, Petitioner objects to releasing the Ada County Prosecuting Attorney's records without retaining a copy of the records. The Court agrees and will order that a copy be retained. Petitioner also objects to the various notices and memoranda that counsel for the Ada County Prosecuting Attorney has filed in this case, and she objects to the Prosecuting Attorney coordinating any of the remaining discovery. Given the unique circumstances of this case, the Court has little difficulty in concluding that the Ada County Prosecuting Attorney's office was entitled to appear and defend its interests up to this point. To avoid further

---

[1] While Petitioner suggests that she needs more discovery to fully explore the prosecutors' relationships with the McHughs, and to reconstruct the details surrounding the taping of her telephone calls to Joan McHugh, Petitioner has already been permitted to depose the trial prosecutors with respect to "the potential withholding of exculpatory evidence about Petitioner's case, possible presentation of false and misleading evidence, the exact nature of the prosecutors' relationship with [trial] witnesses, Joan and Bernard McHugh, and any information known to either [prosecutor] about Petitioner's actual innocence." (Docket No. 190, p. 4.) Petitioner has also been allowed access to the Prosecuting Attorney's criminal case files on Joan and Bernard McHugh, and she has now been granted discovery of Gary Raney's records. Finally, Petitioner is in possession of an affidavit executed by Raney in which he recites, according to his recollection, his involvement in the taping of telephone calls on March 18 and 20, 1992.

**ORDER - 7**

confusion, however, the Idaho Attorney General, as counsel for the Respondents, shall coordinate the remaining discovery, and shall hereafter submit all future filings that relate to discovery, or any other matters, unless the Court authorizes otherwise.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Objections to Magistrate's Memorandum Decision and Order (Docket No. 382) are GRANTED in part and DENIED in part, as set forth in this Order.

IT IS FURTHER ORDERED that the Clerk of Court shall copy the Ada County Prosecuting Attorney's records that will not be disclosed to Petitioner and shall retain the copy, under seal, with the records in this case.

IT IS FURTHER ORDERED that a representative of the Idaho Attorney General shall retrieve the original records from the Court.  At a time mutually agreeable to Petitioner's counsel and the Office of the Idaho Attorney General, but in no event later than 21 days from the date of this Order, the Attorney General shall make the remainder of Joan and Bernard McHugh's criminal case files available to Petitioner's counsel for inspection and copying.  The Attorney General's Office shall file a Certificate of Compliance once this discovery is complete.

**ORDER - 8**

IT IS FURTHER ORDERED that Petitioner shall file a Response to Respondent's Motion to Dismiss Procedurally Defaulted Claims (Docket No. 330) within 45 days of the date of Respondents' Certificate of Compliance. Respondents may file a Reply within 20 days of receiving the Response.

DATED: **November 22, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER - 9**