IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN LEE ROW,<br><br>　　　　　Petitioner,<br><br>v.<br><br>THOMAS J. BEAUCLAIR, Director<br>of the Idaho Department of<br>Correction, and<br>BRIAN T. UNDERWOOD, Warden<br>of the Pocatello Women's<br>Correctional Center, State of Idaho,<br><br>　　　　　Respondents. | Case No. CV-98-240-S-BLW<br><br>**CAPITAL CASE**<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Currently before the Court in this capital habeas matter is Petitioner's Motion to Reconsider Procedural Default Order. (Docket No. 418.) The parties have fully briefed the issues, and the Court has determined that oral argument will not be necessary.

After considering the parties' arguments and the record herein, the Court shall deny Petitioner's Motion.

### STANDARD OF LAW

A district court has the authority to reconsider, rescind, or modify its prior rulings so long as it retains jurisdiction over the case. *City of Los Angeles v. Santa*

**Memorandum Decision and Order - 1**

*Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001). Despite this power, "courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988).

## DISCUSSION

On March 2, 2007, the Court dismissed the following claims in Row's Second Amended Petition: 7 (in part), 13-20, 23-31, 33, 34, and 38-41. (Docket No. 417.) Row thereafter filed the present Motion and supporting brief in which she asks the Court to reconsider the dismissal of her allegations of ineffective assistance of appellate counsel contained in Claim 7 and the dismissal of Claims 20, 23, and 28.

    1.    <u>Ineffective Assistance of Appellate Counsel</u>

Row raised allegations of ineffective assistance of appellate counsel in state court in her second application for post-conviction relief. The state district court determined that the issues had been waived because Row had not included them in the first post-conviction proceeding. On appeal, the Idaho Supreme Court recognized that she could not have reasonably known of the issues at that time, and it noted that "these claims should not have been dismissed on the ground stated by

**Memorandum Decision and Order - 2**

the lower court." *Row v. State*, 21 P.3d 895, 901 (Idaho 2001).  But, the Idaho Supreme Court nonetheless concluded that the claims were still procedurally barred because the new petition "did not include, nor was it accompanied by, sworn statements setting forth the material facts supporting [these] issues." *Id.* at 901-02.  In reaching that conclusion, the court applied Idaho Code §19-2719(5)(a), which requires a capital defendant to support a successive application for post-conviction relief with "a precise statement of the issue or issues asserted" and "the material facts stated under oath or affirmation by credible persons with first hand knowledge that would support the issue or issues asserted."

In this habeas proceeding, Respondents argued that the state court's invocation of this procedural rule was an independent and adequate state law ground precluding federal habeas review.  This Court ultimately agreed.  (Docket No. 417, pp. 32-36.)

Row now contends that the Court's decision is "flawed in two ways." (Docket No. 418-2, p.2.)  First, she argues that the Court's procedural default analysis "shifts the burden" from Respondents to her to prove the adequacy of the state rule.  Although the precise nature of this argument is less than clear, she asserts in her Reply Brief that the Court found a "default *before* it's [sic] determination of whether the rule is an independent and adequate state bar."

**Memorandum Decision and Order - 3**

(Docket No. 422, p. 2.)  By using the term "default" at the point in the Memorandum Decision about which Row complains, the Court meant only that the state court's judgment dismissing these particular issues rested on a state procedural ground rather than on the merits of the federal claim.  Later, the Court set out the correct burden-shifting standard derived from *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003), and it applied that analysis to the present case.

Next, Row contends that the Court's opinion "makes a new rule" by "find[ing] that the only way for [her] to have complied with the rule requiring that a claim be supported by credible information is to submit an affidavit of appellate counsel."  (Docket No. 418-2, pp. 2-3.)  Again, Row appears to have taken a narrow section of the Court's opinion out of context rather than focusing on the broader analysis.

The Court found that Idaho Code § 19-2719(5)(a) was clear on its face, firmly established at the time of Row's default, and had not been inconsistently applied.  (Docket No. 417, pp. 33-34.)  In an apparent attempt to show that the rule was still not "adequate," Row had argued that the state court's reliance on it in her particular case was arbitrary and factually erroneous.  (Docket No. 398, p. 26.)  She contended that her verification of the post-conviction petition and her attorney's certification of that petition, combined with affidavits ostensibly in the

**Memorandum Decision and Order - 4**

record from a fire investigation expert and from *her appellate attorney*, Rolf Kehne, were sufficient to supply "the material facts stated under oath or affirmation by credible persons." (Docket No. 398, pp. 26-27.) This Court construed her argument as raising fairness concerns similar to those recognized in *Lee v. Kemna*, 534 U.S. 362 (2002). (Docket No. 417, p. 35.) In *Lee*, the United States Supreme Court held that the exorbitant application of an otherwise sound state procedural rule will not defeat habeas review when the petitioner substantially complied with the rule and when perfect compliance would not have furthered a legitimate state interest. *Id*. at 376.

This Court was not persuaded, however, that Row had actually satisfied the substance of the pleading requirement by verifying and certifying her petition, as the numerous issues of ineffective assistance of appellate counsel that she had raised were presented in a conclusory fashion, consisting essentially of a bare-bones list of complaints against her appellate counsel without supporting detail. And the affidavits that she referenced did not pertain to the supposed errors that counsel had allegedly committed during the direct appeal. In other words, whatever could be said about the proper manner in which a capital defendant might theoretically or substantially comply with Idaho Code § 19-2719(5)(a), Row had not provided the *material facts* under oath or affirmation in support of these

**Memorandum Decision and Order - 5**

particular issues.

Although it is true that the Court noted in this same general discussion that appellate counsel would be a likely source of the material facts, it did not mean to suggest that Idaho Code § 19-2719(5)(a) requires an affidavit from counsel. Rather, the Court meant only that because Row *had* obtained a declaration from her appellate counsel, she had not shown that it would have been impossible for her to "gather the facts, narrow the issues, and comply with the rule had she been so inclined." (Docket No. 417, pp. 35-36.)  Unlike *Lee*, then, the rule in this case was not imposed in an overly harsh or technical manner in the face of substantial compliance.

For these reasons, Row has not persuaded the Court to reconsider its decision to dismiss this aspect of Claim 7.

2.     <u>Length of Confinement on Death Row</u>

In Claims 20 and 28 of the Second Amended Petition, which are nearly identical, Row alleged that the length of time that she has been awaiting the execution of her death sentence amounts to cruel and unusual punishment under the Eighth Amendment.[1]  In its Memorandum Decision, the Court found that it was

---

[1] Row also mixed in various allegations related solely to the conditions of her confinement, which this Court concluded were more appropriately brought under 42 U.S.C. § 1983.

**Memorandum Decision and Order - 6**

unnecessary to determine the exhaustion and procedural default status of this issue, concluding instead that existing law does not support an Eighth Amendment violation based upon a prolonged stay on death row, at least to the extent that the inmate is continuing to pursue collateral relief through the courts. *See, e.g., Allen v. Ornoski*, 435 F.3d 946, 958-59 (9th Cir. 2006) (collecting and examining cases).

Row now argues that she was not "given notice and an opportunity to be heard" on the merits before the Court issued its decision. (Docket No. 418-1, p. 4.) This argument is not well taken. A federal district court has the authority to dismiss any claim, even upon an initial review of the petition and in the absence of a formal response from the Respondent, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases. In any event, the procedural posture of this case is significantly beyond the initial review stage: Row has amended her Petition twice; Respondents filed Answer to the original Petition (but have not answered the Second Amended Petition); the parties engaged in extensive discovery on procedural default issues; and those issues were fully briefed and have now been resolved.

Moreover, the evidence and legal argument that Row wishes to present remains elusive. Her primary contention appears to be that the alleged failure of

**Memorandum Decision and Order - 7**

the Idaho state courts to consistently enforce the time limitation and waiver provisions of Idaho Code § 19-2719 have been the cause of the excessive delay in her case. (Docket No. 418-1, pp. 4-5; Docket No. 422-1, pp. 2-3.) But during the recent round of briefing on procedural default matters, Row certainly had a full opportunity to argue that Idaho Code § 19-2719 has not been consistently applied, and this Court concluded otherwise. (Docket No. 417, pp. 30-31.) More to the point, she has not shown that any court has granted relief to a habeas petitioner on a length of confinement claim. Additional briefing, argument, and evidentiary development is not necessary.

Therefore, the Court is convinced that it correctly determined that Row would not be entitled to relief on Claims 20 an 28.

3. <u>Right to Jury Sentencing</u>

Row's last request for reconsideration involves the Court's dismissal of Claim 23. In that claim, Row alleged that "[t]he death penalty statute under which petitioner was tried and sentenced (Idaho Code § 19-2515) denied petitioner her right under the United States and Idaho Constitutions to have aggravating circumstances which made her eligible for the death penalty determined only by a jury." Because of the nature in which Row had framed this issue, the Court construed it as one seeking relief based on *Ring v. Arizona*, 536 U.S. 584 (2002),

**Memorandum Decision and Order - 8**

and it concluded that the claim was *Teague*-barred under *Schriro v. Summerlin*, 542 U.S. 348 (2004). (Docket No. 417, p. 21.)

Row now asserts that Claim 23 survives independently of *Ring*. (Docket No. 418-1, pp. 5-6.) Specifically, she contends that the Idaho courts have consistently refused to apply the jury trial provisions of the state constitution and statutes to capital sentencing proceedings. This discriminatory and arbitrary treatment, according to Row, violates her rights under the Equal Protection and Due Process clauses of the Fourteenth Amendment.

Row's present interpretation of Claim 23 is puzzling, as she made the same due process and equal protection argument in Claim 30 of her Second Amended Petition. (Docket No. 293, p. 56.) At any rate, the Court dismissed Claim 30 on the grounds that she had not properly exhausted a due process or equal protection issue related to jury sentencing in state court, and, alternatively, because the claim actually involved the interpretation of state law, a matter that is not cognizable in a federal habeas proceeding. (Docket No. 417, pp. 21-22.) This analysis would apply with equal force to the manner in which Row now construes Claim 23.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Reconsider Procedural Default Order (Docket No. 418) is DENIED.

**Memorandum Decision and Order - 9**

IT IS FURTHER ORDERED that Respondents shall file an Answer to the Second Amended Petition on or before July 9, 2007.

IT IS FURTHER HEREBY ORDERED that Petitioner shall file any motions for evidentiary development, including discovery, expansion of the record, or an evidentiary hearing, on or before August 9, 2007.  Respondents shall submit their response on or before September 10, 2007, and Petitioner's optional reply shall be filed on or before September 24, 2007.  After all issues associated with evidentiary development are resolved, the Court will issue a new scheduling order for the filing of briefing on the merits of the remaining claims or other dispositive motions, if necessary.



DATED:  **June 7, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 10**