UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN LEE ROW,<br><br>        Petitioner,<br><br>v.<br><br>THOMAS J. BEAUCLAIR, Director of the Department of Correction, and BRIAN T. UNDERWOOD, Warden of the Idaho Pocatello Women's Correctional Center, State of Idaho,<br><br>        Respondents. | Case No. 1:98-00240-BLW<br><br>**ORDER** |

The parties have submitted their written and oral arguments in this capital habeas matter on the non-dismissed claims in the Second Amended Petition. The Court previously reserved its ruling on Petitioner's request for an evidentiary hearing on her claim of ineffective assistance of counsel at her state court capital sentencing hearing. (Dkt. 472, pp. 13-14.) That ruling turns, in part, on whether Petitioner and her counsel diligently attempted to develop the claim completely in state court but were unable to do so, thereby removing 28 U.S.C. § 2254(e)(2) as a barrier to new evidentiary development in this proceeding. *Williams v. Taylor*, 529 U.S. 420, 436 (2000).

Petitioner argues that her post-conviction counsel were deprived of adequate resources and time to develop the claim. Respondent counters that counsel had sufficient

resources, and that to the extent that the claim was not fully developed, it was due to a lack of diligence. Several factual issues that appear to be material to this dispute cannot be resolved by referring to the existing record, including the following: the degree to which funding was available through the Ada County Public Defender's Office for "conflict" post-conviction counsel to retain investigative and expert services; the extent of post-conviction counsel's efforts to seek funding from the Public Defender for those services; the nature of the supposed conflict that the Public Defender believed that he had when reviewing funding requests; how counsel paid for the services that they ultimately did retain; and how counsel expected to pay for the services that they intended to retain had the district court granted a continuance of the post-conviction hearing.

Therefore, the Court has concluded that an evidentiary hearing will be necessary to resolve the preliminary diligence issue. *See Schad v. Ryan*, 606 F.3d 1022, 1044 (9th Cir. 2010) (remanding for further proceedings, including a possible evidentiary hearing, to determine whether the petitioner was diligent in state court). The Court also finds good cause under Rule 6(a) of the Rules Governing Section 2254 Cases for the parties to engage in discovery on this issue in advance of the hearing, except that the state trial court judge will not be a testifying witness or otherwise subjected to discovery, as his rulings on this matter are already in the record.

The parties shall confer with each other and contact the Court's Courtroom Deputy, Jamie Gearhart, to schedule an evidentiary hearing as soon as is practicable. The Court anticipates a brief hearing, limited in scope and witnesses, to last no longer than a

ORDER - 2

single day. Within 14 days of the date of this Order, the parties shall also submit a joint proposed scheduling order setting pre-hearing deadlines for the limited discovery that has been authorized and for the exchange and filing of witness and exhibit lists.[1]

    IT IS SO ORDERED.

DATED: **September 15, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

---

[1] If, after completing discovery, the parties believe that the record could be supplemented or expanded on this issue such that an evidentiary hearing would not be necessary, the Court would consider that option. *See* Rule 7 of the Rules Governing Section 2254 Cases.

**ORDER - 3**