Nicole Owens
Executive Director
Deborah A. Czuba, ID Bar No. 9648
Jonah J. Horwitz, ID Bar No. 10494
Assistant Federal Defenders
Federal Defender Services of Idaho
Capital Habeas Unit
702 W. Idaho, Suite 900
Boise, Idaho 83702
Telephone:  (208) 331-5530
Facsimile:   (208) 331-5559
ECF:  Deborah_A_Czuba@fd.org
         Jonah_Horwitz@fd.org

Attorneys for Petitioner Robin Lee Row

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBIN LEE ROW, | ) | Case No. 98-0240-S-BLW |
| | ) | |
| Petitioner, | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION TO STAY FEDERAL |
| JANELL CLEMENT,[1] et al, | ) | HABEAS PROCEEDINGS |
| | ) | PENDING STATE POST- |
| Respondents. | ) | CONVICTION LITIGATION |
| | ) | |

To promote comity and judicial efficiency, and to allow a significant issue to be decided in the first instance by the state courts, Petitioner Robin Lee Row respectfully requests a stay of the instant federal habeas proceedings pursuant to

---

[1] Ms. Row agrees with the State that Ms. Clement should be substituted in as the primary respondent in this case.  *See* Dkt. 754-1 at 1.

MEMORANDUM IN SUPPORT OF MOTION TO STAY - 1

*Rhines v. Weber*, 544 U.S. 269 (2005),[2] until the ongoing state post-conviction litigation concludes.[3]

## I. Background

Ms. Row has a "mixed" petition containing both exhausted and unexhausted claims. The exhausted claims were previously adjudicated by the Court. *See* Dkt. 545. And as for the sub-claims considered by the Court at the evidentiary hearing, they were deemed fundamentally altered from their post-conviction predecessors and thus unexhausted. *See* Dkt. 600 at 19–37. Confronted with a mixed petition, district courts are authorized by *Rhines* to stay the proceedings and hold them in abeyance while the inmate "returns to state court to exhaust his previously unexhausted claims." 544 U.S. at 275. "Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275–76. Ordinarily, the stay is not dissolved until any appeals in state court are fully resolved. *See Lopez-Garcia v. Wasden*, No. CV-07-441, 2008 WL 166811, at *2 (D. Idaho Jan. 16, 2008) (granting a *Rhines* stay "until the state

---

[2] In this brief, unless otherwise noted, all internal quotation marks, citations, and alterations are omitted, and all emphasis is added.

[3] Ms. Row files the present motion now in an abundance of caution and to exercise diligence. She does not thereby waive or prejudice in any way the remedies she may seek in her brief regarding the impact of *Ramirez*, which she will submit by August 22, 2022. *See* Dkts. 757, 760. In her brief on *Ramirez*, Ms. Row will clarify the relationship between that pleading and the instant motion.

MEMORANDUM IN SUPPORT OF MOTION TO STAY - 2

court matter has become final after the Idaho Supreme Court issues its remittitur on appeal").[4]

Ms. Row has moved expeditiously in this process, filing a post-conviction petition[5] on June 29, 2022, within six weeks of *Ramirez*, raising the sub-claims that were considered here at the *Martinez*[6] hearing. *See* Ex. 1. She now seeks a stay of the federal habeas proceedings until that state action is adjudicated.

## II. Analysis

The stay-and-abey procedure is called for "if the petitioner had good cause for h[er] failure to exhaust, h[er] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Those criteria are all satisfied here.

### A. Ms. Row has good cause.

First, Ms. Row has good cause for now exhausting all of the facts in support of her sub-claims. That is apparent first from the fact that the Ninth Circuit has held that good cause for a *Rhines* stay exists when post-conviction counsel ineffectively challenged the trial attorney's performance. *See Blake v. Baker*, 745

---

[4] If the Court prefers, it could also issue a stay only until Ms. Row's petition is resolved at the trial level, and then re-evaluate the need for its continuation in light of the district judge's ruling. *See Fields v. Klauser*, No. CV 95-422, 2008 WL 3992255, at *1 (D. Idaho Aug. 27, 2008) (taking that approach).

[5] Given the need to produce a petition under great time pressure, undersigned counsel prepared the pleading. However, they immediately and successfully moved for the appointment of the State Appellate Public Defender, which is sole counsel of record now. *See* Ex. 2.

[6] *Martinez v. Ryan,* 566 U.S. 1 (2012).

MEMORANDUM IN SUPPORT OF MOTION TO STAY - 3

F.3d 977, 982–84 (9th Cir. 2014). Here, the Court has already found that post-conviction counsel performed ineffectively in precisely that regard. *See* Dkt. 753 at 179–80. There is accordingly cause as a matter of binding Ninth Circuit law.

It is also significant that Ms. Row was prohibited by state law from raising the facts earlier. Current Idaho Supreme Court precedent bars an inmate from alleging ineffective assistance of post-conviction counsel as an excuse to reach a procedurally defaulted claim. *See Row v. State*, 21 P.3d 895, 900 (Idaho 2001); *McKinney v. State*, 992 P.2d 144, 153 (Idaho 1999). As reflected by the first citation, Ms. Row herself was told by the state courts that she could not pursue such a theory in post-conviction. *See also* Dkt. 753 at 13 ("[T]he Idaho courts were not permitted to consider Row's post-conviction counsel's ineffectiveness as cause to excuse the default of that claim under Idaho law." (emphasis removed)). Ms. Row's theory for asserting the sub-claims in state court now is that *Shinn v. Ramirez,* 142 S. Ct. 1718 (2022), provides an appropriate basis for that Idaho precedent to be revisited. *See* Ex. 1 at 3–10. In particular, Ms. Row reasonably assumed that she would be permitted to develop the facts supporting her sub-claims in federal court under *Martinez*. That assumption was plainly rational, as this Court held a lengthy evidentiary hearing and then announced its intent to grant relief. *See* Dkt. 753. Because *Ramirez* abruptly destroyed that assumption, it is proper for her to now turn to state court. For the same reason, the issuance of the decision in *Ramirez* is an appropriate triggering event for a new post-conviction proceeding under Idaho state law. *See Windom v. State*, 398 P.3d 150, 156–57 (Idaho 2017) (recognizing

MEMORANDUM IN SUPPORT OF MOTION TO STAY - 4

that a decision from the U.S. Supreme Court can set the clock running for a new state post-conviction claim); *Pizzuto v. State*, 202 P.3d 642, 648 (Idaho 2008) (same).

  It is particularly logical for the state courts to consider Ms. Row's new claim given the reasoning of *Ramirez*. For the decision was strongly animated by an interest in establishing the primacy of state courts as the preferred forums for adjudicating federal constitutional claims brought by state prisoners. *See, e.g.*, 142 S. Ct. at 1730–31 (emphasizing that "[t]he States possess primary authority for defining and enforcing the criminal law and for adjudicating constitutional challenges to state convictions"); *id.* at 1731 (noting that "federal intervention imposes significant costs on state criminal justice systems," as "[i]t disturbs the State's significant interest in repose for concluded litigation"); *id.* at 1739 ("In our dual-sovereign system, federal courts must afford unwavering respect to the centrality of the trial of a criminal case in state court."). *Ramirez* was thus designed to incentivize more litigation in state court, and post-conviction proceedings are the fitting result.

  Relatedly, it was more than justifiable for Ms. Row to refrain from asserting her *Martinez* issues in state court until now because the pre-*Ramirez* law in the Ninth Circuit expressly excused her from any exhaustion requirement with respect to those facts. *See Dickens v. Ryan*, 740 F.3d 1305, 1322 n.17 (9th Cir. 2014) (en banc). It is only now, when *Ramirez* has shifted the focus to state court, that exhaustion has become necessary.

MEMORANDUM IN SUPPORT OF MOTION TO STAY - 5

In her state post-conviction proceeding, Ms. Row is advocating for the creation of a *Martinez*-type avenue in the Idaho courts. *See* Ex. 1 at 7–9. The Idaho Supreme Court has already begun moving in that direction. *See Hall v. State*, 315 P.3d 798, 803–05 (Idaho 2013) (holding that death-sentenced inmates have a right to conflict-free counsel in post-conviction, which is properly reviewed "through a Sixth Amendment framework"). Other states have adopted *Martinez*-esque exceptions for their own post-conviction regimes. *See, e.g., Crump v. Warden*, 934 P.2d 247, 253 (Nev. 1997). Under the circumstances, the possibility of Idaho doing so is not insubstantial, and it further strengthens the case for a stay. *See Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005) (remanding for the district court to consider a *Rhines* motion because it was "debatable" whether state law would allow a successive post-conviction petition).

It is also critical to remember that *Ramirez* did not purport to overrule *Martinez*. *See, e.g., Ramirez*, 142 S. Ct. at 1737 (explaining that "*Martinez* itself cuts against respondents' proposed result"). Thus, it remains good law after *Ramirez* that, as the U.S. Supreme Court held in *Martinez*, the incompetent performance of post-conviction counsel should not preclude a prisoner from asserting a meritorious claim of trial ineffectiveness. There are two ways to avoid the outcome forbidden by *Martinez*. One is for the state courts to address the merits of the underlying constitutional claim. The other is for the relevant evidence to be presented in state court, so that it can later be considered in Ms. Row's federal habeas proceedings. Either path would benefit from a stay.

MEMORANDUM IN SUPPORT OF MOTION TO STAY - 6

With respect to the latter path, it is also of note that although this Court heard live testimony at the *Martinez* hearing, its notice of intent to grant relief relied little on any explicit credibility findings. *See generally* Dkt. 753. That underlines the substantial prospect of relief being granted here again after state post-conviction proceedings wrap up, because no hearing would presumably be allowed then in federal court under *Martinez*, and relief would likely have to be awarded on the papers.

In the same vein, the denial of a *Rhines* stay would create complex and unnecessary pragmatic challenges. If a *Rhines* stay is denied, the state post-conviction proceedings are almost certain to conclude before the federal habeas litigation does, given the respective timelines in the two court systems. *Compare Hairston v. State*, 472 P.3d 44, 46, 52 (Idaho 2020) (affirming the denial of a successive post-conviction petition brought by an Idaho death-row inmate about two-and-a-half years after it was initially filed), *with Creech v. Davis*, 9th Cir., No. 10-99015 (reflecting that a federal habeas appeal initiated by an Idaho death-row inmate remains pending at the Ninth Circuit after resuming more than five years earlier).

That set of circumstances will likely give rise to knotty procedural questions. For instance, if Ms. Row's recently filed post-conviction petition is ultimately denied on procedural grounds, she will likely be in the Ninth Circuit, with a new state-court record containing all of the evidence upon which this Court relied when it declared that she was entitled to habeas relief. What options the Ninth Circuit

MEMORANDUM IN SUPPORT OF MOTION TO STAY - 7

would have are unclear.  A remand would be a strong possibility, so that this Court could determine in the first instance how to deal with the developments in state post-conviction.  And a remand might well moot all of the work done on the Ninth Circuit proceedings in the meantime.  The cleaner approach, in the absence of outright relief, is to wait for the post-conviction case to reach its natural conclusion, so that all of the resulting questions can be dealt with by this Court in the first instance, in accordance with standard judicial practices.  *See Detrich v. Ryan*, 740 F.3d 1237, 1248–49 (9th Cir. 2013) (en banc) (plurality op.) (reiterating the "general assumption . . . that [the Ninth Circuit] operates more effectively as a reviewing court than as a court of first instance" and there is "no reason why a remand to the district court in a *Martinez* case should be treated differently from a remand in other cases").

      **B.**     **The claim is potentially meritorious.**

      The second *Rhines* stay factor —whether the claim is potentially meritorious—calls for little discussion.  Ms. Row's is the unusual case in which the claim is not just potentially meritorious, but *actually* meritorious, as the Court found in a lengthy opinion.  *See* Dkt. 753.  The strength of the claim, and of Ms. Row's state-law theory for bringing it now, also means that judicial efficiency counsels in favor of the stay, because "if Petitioner obtains relief in state court the federal case would likely become moot."  *Fields*, 2008 WL 3992255, at *1 (granting a *Rhines* stay in a capital habeas case).

MEMORANDUM IN SUPPORT OF MOTION TO STAY - 8

### C. Ms. Row has not engaged in abusive litigation or delay.

The third and final factor is whether the petitioner is guilty of "abusive litigation tactics or intentional delay," *Rhines*, 544 U.S. at 278, and Ms. Row did not. As set forth above, Ms. Row proceeded on the good-faith premise that she would be allowed to develop her *Martinez* facts in federal court. When the Supreme Court declared otherwise, she immediately prepared a post-conviction petition and filed it within forty-two days of *Ramirez*, as mandated by Idaho's extremely short timeline. *See Fields v. State*, 314 P.3d 587, 590 (Idaho 2013). Undersigned counsel are now requesting the stay less than three weeks later, in the pleading to which it is best suited, after conducting an extensive amount of work in this and their other *Ramirez* cases, and all while tending to their duties to all of their capital clients. There has been no abusive litigation or delay. *See Speer v. Dretke*, No. 2:04-cv-269, 2008 WL 2065798, at *3 (E.D. Tex. May 13, 2008) (finding the third *Rhines* factor satisfied where the inmate took "only five months" after filing a motion for discovery related to the new claims).

### III. Conclusion

Ms. Row has a powerful claim that has already been found meritorious by this Court, and she has a well-founded basis to now bring it in state post-conviction proceedings. A *Rhines* stay is appropriate, and Ms. Row respectfully requests one.

Respectfully submitted this 19th day of July 2022.

                                                */s/ Deborah A. Czuba*
                                                Deborah A. Czuba
                                                Jonah J. Horwitz

                                                Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which is designed to send a Notice of Electronic Filing to persons including the following:

L. Lamont Anderson
lamont.anderson@ag.idaho.gov

                                                */s/ Heidi Thomas*
                                                Heidi Thomas